IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JESUS GABRIEL GELLA,

                Plaintiff,

-vs-

HEALTHCARE REVENUE RECOVERY
GROUP, LLC,

                Defendant.

CASE NO.: _____

DIVISION NO.: _____

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff alleges Healthcare Revenue Recovery Group, LLC ("HRRG") violated the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA"), the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA").

## PARTIES

1. Plaintiff is a natural person and resident of Miami-Dade County, Florida.

2. Defendant is a Florida limited liability company with its principal address at 1643 North Harrison Parkway Building H, Suite 100, Sunrise, FL 33323.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FCCPA and FDCPA.

4. This Court has personal jurisdiction over Defendant because it conducts business in Florida making it foreseeable that Defendant would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

5. Venue is proper because Defendant transacts and conducts business here and the

facts giving rise to this lawsuit originated in Miami-Dade county, Florida.

6. Plaintiff demands damages that exceed $30,000.

## FACTUAL ALLEGATIONS

7. In the middle of 2021, Defendant began calling Plaintiff's cell phone to collect an alleged past due medical debt.

8. Upon information and belief, Defendant has not sent any written communication to Plaintiff in attempt to collect the debt.

9. Since the initial communication about the debt, Defendant has not sent written notice with the following information as required by 15 U.S.C. § 1692g(a):

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10. Defendant did not provide the above information to Plaintiff during their initial communication.

11. Defendant has called Plaintiff's cell phone from a multitude of different numbers to conceal its identity and attempt to collect the alleged debt.

12. For example, on March 14, 2022, Defendant called Plaintiff's cell phone using phone number 865-269-2364.

13. Two days later, Defendant called Plaintiff's cell phone again using phone number 786-461-1512.

14. Defendant has called Plaintiff using an artificial or a pre-recorded voice saying the following:

> Hello, this is HRRG calling. Please return our call by calling 855-700-4473 between the hours of 8:00 am and 5:00 pm and ask for Juan or speak to any person who answer your call.

15. Upon information and belief, Defendant did not have Plaintiff's prior express consent to call his cell phone using an artificial or pre-recorded voice.

16. Upon information and belief, if Defendant had prior express permission to call Plaintiff's cell phone using an artificial or pre-recorded voice, Plaintiff revoked consent by expressly telling Defendant to cease all collection communication.

17. Plaintiff has received hundreds of calls from Defendant using an artificial or pre-recorded voice in attempt to collect the alleged debt.

18. In March 2022, Plaintiff called Defendant to ask that all collection calls stop.

19. During the call, Plaintiff asked Defendant's employee to stop all collection communication.

20. In response, Defendant's debt collection employee told Plaintiff: "F_ck You will keep calling you Deadbeat."

21. The purpose of this offensive and abusive language was to coerce and intimidate Plaintiff to pay the alleged debt in hopes the illegal collection conduct would cease.

22. Despite being asked to stop calling, Defendant continued its collection harassment campaign.

23. Plaintiff again spoke with a collection employee of Defendant in hopes that the calls would stop.

24. In response, Defendant's collection employee said: "F_ck your Mother" and then ended the call.

25. Despite being asked to stop calling, Defendant continued its collection harassment campaign.

26. The interaction with Defendant's employee caused Plaintiff stress and anxiety.

27. After the call, Defendant ignored Plaintiff's cease contact request and continued to call his cell phone with pre-recorded voice messages in attempt to collect the alleged debt.

28. For example, on April 4, 2022, Defendant called Plaintiff's cell phone in attempt to collect the alleged debt despite that Plaintiff asked for all collection communication to cease.

**COUNT I AS TO DEFENDANT'S VIOLATION OF THE**
**FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(7)**

29. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for medical care.

30. Defendant is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

31. Defendant attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because the debt was allegedly incurred to pay for personal, family, or household purposes.

32. Defendant violated the FCCPA by willfully engaging in conduct which can reasonably be expected to abuse or harass Plaintiff.

33. Defendant continued calling Plaintiff's cell phone in attempt to collect a debt after being asked to stop calling.

34. During a collection call, Defendant's employee also cursed at Plaintiff in attempt to collect the alleged debt.

35. As a result of Defendant's FCCPA violation, Plaintiff suffered actual damages, including but not limited to emotional distress, mental anguish, embarrassment, and frustration.

36. As a result of Defendant's FCCPA violation, Plaintiff has also wasted time trying to stop Defendant's illegal collection efforts.

37. Because of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

### COUNT II AS TO DEFENDANT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

38. Plaintiff is a "consumer" as defined by Florida Statute § 559.55(8) because he is a natural person allegedly obligated to pay a debt for medical care.

39. Defendant is a "person" as defined under the FCCPA because it attempted to collect a consumer debt from Plaintiff.

40. Defendant attempted to collect a "consumer debt" from Plaintiff as defined by Florida Statute § 559.55(6) because the debt was allegedly incurred to pay for personal, family, or household purposes.

41. As described above, Defendant violated the FCCPA by using unfair and deceptive conduct when trying to collect the alleged debt from Plaintiff.

42. Defendant had no legal right to use unfair and deceptive conduct when trying to collect the alleged debt from Plaintiff.

43. Defendant knowingly continued calling Plaintiff's cell phone using a pre-recorded voice in attempt to collect a debt after being asked to stop calling.

44. During a collection call, Defendant's employee also cursed at Plaintiff in attempt to collect the alleged debt.

45. As a result of Defendant's FCCPA violation, Plaintiff suffered actual damages, including but not limited to emotional distress, mental anguish, embarrassment, and frustration.

46. As a result of Defendant's FCCPA violation, Plaintiff has also wasted time trying to stop Defendant's illegal collection efforts.

47. Because of the above violation of the FCCPA, Defendant is liable to Plaintiff for actual damages and statutory damages of $1,000.00 per named Defendant found liable, together with attorney's fees and all costs of Plaintiff's representation.

## COUNT III AS TO DEFENDANT'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692d(2)

48. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

49. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

50. Defendant is also a debt collector because its primary business purpose is the collection of debts.

51. In attempt to collect the alleged debt, Defendant violated the FDCPA by using obscene and profane language the natural consequence of which was to abuse Plaintiff. 15 U.S.C. § 1692(d)(2); Regulation F 1006.14(d).

52. As a result of the FDCPA violation, Defendant has invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

53. As a result of Defendant's FCCPA violation, Plaintiff has also wasted time trying to

stop Defendant's illegal collection efforts.

54. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

### COUNT IV AS TO DEFENDANT'S VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f

55. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

56. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

57. Defendant is also a debt collector because its primary business purpose is the collection of debts.

58. In attempt to collect the alleged debt, Defendant engaged in unfair collection conduct by using obscene and profane language designed to abuse Plaintiff.

59. In attempt to collect the alleged debt, Defendant engaged in unfair collection conduct by refusing to stop all collection calls after Plaintiff expressly asked for the calls to stop.

60. As a result of the FDCPA violation, Defendant has invaded Plaintiff's statutory right to be free from illegal collection activity and caused him frustration and anxiety.

61. As a result of Defendant's FCCPA violation, Plaintiff has also wasted time trying to stop Defendant's illegal collection efforts.

62. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

## COUNT V AS TO DEFENDANT'S VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692g

63. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because he is a natural person allegedly obligated to pay a debt for medical care.

64. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it uses the United States mail in the business the principal purpose of which is the collection of debt owed or asserted to be owed or due another.

65. Defendant is also a debt collector because its primary business purpose is the collection of debts.

66. Under the FDCPA, a debt collector must provide written notice with the following information in the initial communication or within 5 days of the initial communication:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

67. Defendant violated the FDCPA because it did not provide Plaintiff the above information with the initial communication or within 5 days of the initial communication.

68. As a result of the FDCPA violation, Defendant has invaded Plaintiff's statutory right

to be free from illegal collection activity and caused him frustration and anxiety.

69. As a result of the FDCPA violation, Defendant has deprived Plaintiff from receiving critical information about the alleged debt, the debt collector, and his statutory rights to dispute the alleged debt.

70. As a result of Defendant's FDCPA violation, Plaintiff has wasted time trying to stop Defendant's illegal collection efforts and learn of his statutory rights with respect to the alleged debt.

71. As a result of Defendant's FDCPA violation, Plaintiff did not know he had the right to dispute the alleged debt within (30) days.

72. Had Plaintiff known he had that right, he would have disputed the debt within the 30 days as permitted under the FDCPA.

73. As a result of the above violation of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages up to $1,000.00, and attorney's fees and all costs of Plaintiff's representation. 15 U.S.C. § 1692k *et seq.*

## COUNT VI AS TO DEFENDANT'S VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)(1)(B)

74. Upon information and belief, Defendant willfully or knowingly violated the TCPA by calling Plaintiff's cell phone number using an artificial or pre-recorded voice without the prior express consent of Plaintiff.

75. Even if Defendant had prior express consent, Plaintiff revoked consent in March 2022 when he expressly asked for all collection communications to cease.

76. Defendant willfully or knowingly violated the TCPA by calling Plaintiff's cell phone using an artificial or pre-recorded voice after consent was revoked.

77. Defendant's conduct constitutes violations of the TCPA 47 U.S.C. § 227(b)(1)(B), by making telephone calls to Plaintiff's cellular telephone, which were initiated by an artificial or

prerecorded voice and not legally permitted under any provision to the aforementioned statute.

78. As a result of Defendant's TCPA violation, Plaintiff is entitled to statutory damages of $500 per phone call using an artificial or pre-recorded voice. 47 U.S.C. § 227(b)(3).

79. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff is entitled to treble statutory damages up to $1,500 per phone call that used an artificial or pre-recorded voice.

## RELIEF REQUESTED

**WHEREFORE**, based on the above stated in this Complaint, Plaintiff has been the subject Defendant's illegal debt collection conduct in violation of the FCCPA and FDCPA. Plaintiff respectfully requests this Honorable Court to enter judgment for the Plaintiff and for these forms of relief:

a) Actual damages.

b) Statutory damages under the FCCPA, FDCPA, and TCPA.

c) Punitive damages under the FCCPA.

d) Reasonable attorneys' fees and costs under the FCCPA and FDCPA.

e) a judgment awarding injunctive and declaratory relief.

f) That the Court enter an order that Defendant and its agents, or anyone acting on their behalf, is immediately restrained from altering, deleting or destroying any documents or records; and

g) Any other relief that the Court may deem just and proper.

**Plaintiff respectfully requests a trial by jury on all issues so triable.**

Respectfully Submitted,

*/s/ Darren R. Newhart*
Darren R. Newhart, Esq.
FL Bar No: 0115546
E-mail: darren@newhartlegal.com
NEWHART LEGAL, P.A.
14611 Southern Blvd. Suite 1351
Loxahatchee, FL 33470
Telephone: (561) 331-1806
Facsimile: (561) 473-2946

*/s/ Matthew D. Bavaro*
Matthew D. Bavaro, Esq..
FL Bar No: 175821
E-mail: matthew@fight13.com
LOAN LAWYERS, LLC
3201 Griffin Road #100
Fort Lauderdale, FL 33312
Telephone: (954) 523-4357

# MIAMI-DADE COUNTY CLERK OF THE COURTS
## HARVEY RUVIN

Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

Not all search results will be displayed on-line. For example, the following case types (Sealed, Juvenile, Adoption and Mental Health Cases) may or may not be in existence and may or may not be viewable by the public pursuant to Florida Supreme Court Mandate and the corresponding Access Security Matrix.

### JESUS GABRIEL GELLA VS HEALTHCARE REVENUE RECOVERY GROUP, LLC

| | | | |
|---|---|---|---|
| Local Case Number: | 2022-014599-CA-01 | Filing Date: | 08/04/2022 |
| State Case Number: | 132022CA014599000001 | Judicial Section: | CA08 |
| Consolidated Case No.: | N/A | Case Type: | Other Civil Complaint |
| Case Status: | OPEN | | |

## Parties    Total Of Parties: 2

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Gella, Jesus Gabriel | B#: (Bar Number)115546<br>N: (Attorney Name)Newhart, Darren R | |
| Defendant | Healthcare Revenue Recovery Group, LLC | | |

## Hearing Details    Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

## Dockets    Total Of Dockets: 7

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 08/25/2022 | | 20 Day Summons Issued | Service | |
|  | 7 | 08/25/2022 | | ESummons 20 Day Issued | Event | RE: INDEX # 5.<br>Parties: Healthcare Revenue Recovery Group LLC |
| | 6 | 08/25/2022 | | Receipt: | Event | RECEIPT#:3060082 AMT PAID:$10.00 NAME:NEWHART, DARREN R N/A N/A, FL UNITED STATES COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$10.00 RECEIPT DATE:08/25/2022 REGISTER#:306 CASHIER:EFILINGUSER |
| | 5 | 08/15/2022 | | (M) 20 Day (C) Summons (Sub) | Event | |

| Number | Date | Book/Page | Docket Entry Received | Event Type | Comments |
|---|---|---|---|---|---|
| 4 | 08/10/2022 | | Receipt: | Event | **RECEIPT#:3070143 AMT PAID:$401.00 NAME:NEWHART, DARREN R N/A N/A, FL UNITED STATES COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:08/10/2022 REGISTER#:307 CASHIER:EFILINGUSER** |
| 2 | 08/04/2022 | | Complaint | Event | |
| 1 | 08/04/2022 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



# HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155



©2022 Clerk of the Courts. All rights reserved.



Case 1:22-cv-22900-KMM   Document 1-2   Entered on FLSD Docket 09/12/2022   Page 14 of 19

©2022 Clerk of the Courts. All rights reserved.



- 1 -

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Jesus Gella</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Healthcare Recovery Group, LLC</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
　　☐ Business governance
　　☐ Business torts
　　☐ Environmental/Toxic tort
　　☐ Third party indemnification
　　☐ Construction defect
　　☐ Mass tort
　　☐ Negligent security
　　☐ Nursing home negligence
　　☐ Premises liability—commercial
　　☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
　　☐ Commercial foreclosure
　　☐ Homestead residential foreclosure
　　☐ Non-homestead residential foreclosure
　　☐ Other real property actions

☐Professional malpractice
　　☐ Malpractice—business
　　☐ Malpractice—medical
　　☐ Malpractice—other professional
☒ Other
　　☒ Antitrust/Trade regulation
　　☐ Business transactions
　　☐ Constitutional challenge—statute or ordinance
　　☐ Constitutional challenge—proposed amendment
　　☐ Corporate trusts
　　☐ Discrimination—employment or other
　　☐ Insurance claims
　　☐ Intellectual property
　　☐ Libel/Slander
　　☐ Shareholder derivative action
　　☐ Securities litigation
　　☐ Trade secrets
　　☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
  ☐ Residential Evictions
  ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  3

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

**IX.  DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
  ☐ yes
  ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Darren R. Newhart         Fla. Bar # 115546
         Attorney or party                        (Bar # if attorney)

Darren R. Newhart         08/04/2022
(type or print name)         Date

Filing # 155284977 E-Filed 08/15/2022 09:06:46 AM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION** ☒ CIVIL ☐ DISTRICTS ☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE** (a) GENERAL FORMS | **CASE NUMBER** |
| **PLAINTIFF(S)** JESUS GABRIEL GELLA | **VS. DEFENDANT(S)** HEALTHCARE REVENUE RECOVERY GROUP, LLC | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): HEALTHCARE REVENUE RECOVERY GROUP, LLC

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Darren R. Newhart, Esq.

whose address is: 14611 Southern Blvd. #1351 Loxahatchee, FL 33470

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN CLERK of COURTS** | DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 09/19          Clerk's web address: www.miami-dadeclerk.com

| | | |
|---|---|---|
| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER** |
| **PLAINTIFF(S)**<br><br>JESUS GABRIEL GELLA | **VS.  DEFENDANT(S)**<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): ___HEALTHCARE REVENUE RECOVERY GROUP, LLC___

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: ___Darren R. Newhart, Esq.___

whose address is: ___14611 Southern Blvd. #1351 Loxahatchee, FL 33470___

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | |
|---|---|---|
| **HARVEY RUVIN**<br>**CLERK of COURTS** | DEPUTY CLERK | **DATE**<br><br>8/25/2022 |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 09/19                                            Clerk's web address: www.miami-dadeclerk.com